IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN NELSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **03-254-JPG** |
| | ) |
| **CARL MILLER,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

  Before the Court is plaintiff Nelson's motion for leave to amend his complaint to "clarify and update" the allegations to accurately reflect evidence developed during discovery. **(Doc. 30).** Plaintiff intends to include new actions by the defendant which allegedly interfere with his ability to receive the sacraments, and to add claims under the establishment clause of the First Amendment and the equal protection clause of the Fourteenth Amendment. **(Doc. 30, p. 2).** Defendant Miller does not object to the proposed amendments, provided additional time is allotted for discovery, since new claims and factual issues are interjected. **(Doc. 31).**

  Plaintiff cites U.S. District Judge J. Phil Gilbert's August 17, 2005, order, wherein plaintiff was invited to seek leave to amend his complaint in order to "pursue a cause of action based on a request that his religious beliefs prohibit him from eating meat of any sort," as opposed to the Rule of St. Benedict as originally explained in the complaint, forbidding eating flesh meat of any four-legged animal at any time. **(Doc. 29, p. 4).** A review of the proposed amended complaint reveals that plaintiff has opted not to expand the sort of meat encompassed by the Rule of St. Benedict. **(Proposed Amended Complaint, ¶ 14).** Rather, plaintiff

1

highlights that his claims are based on *his* readings of Catholic texts and the Rule of St. Benedict. **(Proposed Amended Complaint, ¶¶ 14-16).** In any event, these proposed minor changes are permissible under Federal Rules of Civil Procedure 15(b) and (c)(2), as they merely elaborate on allegations in the original complaint.

New allegations regarding the denial of sacraments interject entirely new and distinct events revolving around defendant Miller purportedly denying Nancy Meyer, a Eucharistic Minister and spiritual advisor, permission to celebrate the sacraments with plaintiff in 2005. **(Proposed Amended Complaint, ¶¶ 23-29).** The allegations regarding Nancy Meyer are incorporated into Count One of the proposed amended complaint, alleging a violation of the free exercise clause of the First Amendment. **(Proposed Amended Complaint, ¶¶ 36-37).** Judge Gilbert certainly did not invite plaintiff to amend his complaint to add such entirely new allegations which did not even arise until two years after the issues at the heart of the original complaint. This action has been pending for *over three years*; the motion for leave to amend was filed after the close of discovery and just three days before the deadline for filing dispositive motions. Plaintiff will not suffer any apparent prejudice if he is forced to file his claims regarding Nancy Meyer in a separate action. Aside from the allegations regarding Meyer and the denial of a sacrament, proposed Count One is unobjectionable.

Plaintiff's proposed claim regarding a violation of the establishment clause of the First Amendment, proposed Count Two, is premised upon allegations contained in the original complaint. **(*Compare* Doc. 2, ¶ 38 *and* Proposed Amended Complaint ¶¶ 39-46).** Similarly, proposed Count Three, raising a Fourteenth Amendment equal protection claim, is premised upon allegations contained in the original complaint. **(*Compare* Doc. 2, ¶ 38 *and* Proposed**

**Amended Complaint ¶¶ 47-52).** Therefore, the addition of formalized establishment clause and equal protection claims is permissible under Federal Rule of Civil Procedure 15(b) and (c)(2).

Plaintiff seeks a waiver of Local Rule 15.1, which requires all new material in an amended pleading be underlined. Defendant has no objection, and the Court agrees that enforcement of the rule would serve no useful purpose in this situation. Therefore, Local Rule 15.1 is waived.

A new scheduling order, permitting additional discovery and another opportunity to file dispositive motions, is not necessary since no allegations regarding Nancy Meyer and the denial of sacraments will be permitted. Insofar as establishment clause and equal protection claims are added, the Court does not perceive that additional discovery is warranted, given that the original complaint contained allegations about plaintiff being treated differently from Muslims. Nevertheless, if the parties desire to make any last minute inquiries, the Court will permit discovery to continue on an expedited basis, through August 11, 2006. With respect to dispositive motions, the Court notes that defendant did not file any dispositive motions relative to the original complaint, and the added claims are legally very similar. Therefore, the parties will not be afforded another opportunity to file dispositive motions. Given the age of this case, the Court intends to proceed to trial on an expedited basis, which is consistent with Federal Rule of Civil Procedure 15(b).

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to amend the complaint **(Doc. 30)** is **GRANTED IN PART AND DENIED IN PART,** as fully explained in this order.

**IT IS FURTHER ORDERED** that on or before **July 21, 2005**, plaintiff shall file his amended complaint, albeit without the allegations regarding Nancy Meyer and the denial of sacraments.

**IT IS FURTHER ORDERED** that discovery will be permitted on an expedited basis through **August 11, 2006**.  The parties shall contact the Court via telephone if any disputes arise, and the Court will attempt to resolve those disputes in an expeditious manner.

**IT IS FURTHER ORDERED** that a final pretrial conference is set before U.S. Magistrate Judge Clifford J. Proud on **August 22, 2006, at 10:00 a.m.**  A date for the bench trial will be set at the final pretrial conference.

**IT IS SO ORDERED.**

**DATED:  July 10, 2006**

                                            **s/ Clifford J. Proud**
                                            **CLIFFORD J. PROUD**
                                            **U. S. MAGISTRATE JUDGE**