IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN NELSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **03-254-JPG** |
| | ) | |
| **CARL MILLER,** | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Nelson's motion to compel the defendant to respond to interrogatories propounded on or about July 15, 2006.  **(Doc. 35).**

By order dated July 10, 2006, consistent with dicta in Judge Gilbert's August 17, 2005, order, plaintiff was permitted to amend his complaint to add an establishment clause claim and an equal protection claim related to the alleged refusal of defendant Miller to authorize a diet based on the Rule of St. Benedict, forbidding the eating of flesh meat of any four-legged animal. **(Doc. 32).**  The Court instructed the parties that *expedited* discovery was going to be permitted, and that the parties were to contact the Court via telephone if *any* disputes arose.  **(Doc. 32).**  The Court specifically explained that, given the age of the case, "the Court intends to proceed to trial on an expedited basis, which is consistent with Federal Rule of Civil Procedure 15(b)."  **(Doc. 32).**

Defendant considered plaintiff's interrogatories, propounded on approximately July 15, 2006, to be untimely, since they were not submitted at least 30 days before the August 11, 2006, discovery cutoff.  Obviously, defendant did not appreciate the meaning of *expedited* discovery,

1

which is permitted by Federal Rules of Civil Procedure 33(b)(3) and 34(b).  Had either party followed the Court's specific instructions to contact the Court via telephone if *any* dispute arose, this issue could have been quickly cleared up by the Court.  Given the language in the Court's July 10, 2006, order, defendant's objection that plaintiff's interrogatories were untimely  is not well taken.  Defense counsel should familiarize himself with Local Rule 26.1(d), which mandates cooperative discovery arrangements.

In any event, the Court will address defendant's specific objections to plaintiff's interrogatories **(Doc. 35, Exhibit 1, and Doc. 37)**.

**Interrogatory No. 1**

Interrogatory No. 1 is aimed at identifying each prisoner at Tamms Correctional Center ("Tamms") whose request for a religious diet was rejected by defendant Miller, the head chaplain at Tamms.  Plaintiff further asks for the inmates' religion, the reasons cited for the denial, the date (if any) on which a religious diet was ultimately approved, and whether the inmate experienced any weight loss during the period he was denied a religious diet.

Defendant objects that the interrogatory is overly broad, not reasonably calculated to lead to the discovery of relevant evidence, seeks information about other inmates that is protected by the clergyman's privilege and the Health Insurance Portability and Accountability Act.

Interrogatory No. 1 seeks evidence clearly relative to plaintiff's equal protection and establishment clause claims.  As noted in the Court's July 10, 2006, order, plaintiff has consistently compared his treatment to the treatment of Muslims.  **(*See* Doc. 32 and Doc. 2, ¶ 38).**  Defendant complains that he would have to sort through all his chaplaincy records for hundreds of offenders, which is not *unduly* burdensome from the Court's perspective.

The parties view the clergyman's privilege, 735 ILCS 5/8-803, differently.

> A clergyman or practitioner of any religious denomination accredited by the religious body to which he or she belongs, shall not be compelled to disclose in any court, or to any administrative board or agency, or to any public officer, a confession or admission made to him or her in his or her professional character or as a spiritual advisor in the course of the discipline enjoined by the rules or practices of such religious body or of the religion which he or she professes, *nor be compelled to divulge any information which has been obtained by him or her in such professional character or as such spiritual advisor.*

**735 ILCS 5/8-803 (emphasis added)**.

The privilege is clearly not applicable to any request that any inmate made to defendant Chaplain Miller seeking a religious diet. Any such request would have to be disclosed to the food service department in order for the diet to be delivered, and such dietary requests are subject to administrative review. In such a situation, the chaplain is not acting as a spiritual advisor per se. The Court cannot fathom any privacy right attached to an inmate's dietary preference.

It appears that the parties agree that the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. § 164.512, is applicable and it precludes disclosure of an inmate's health records, which it is unlikely the defendant possesses. In any event, whether an inmate other than plaintiff lost weight is not relevant to this case, and is therefore not discoverable.

### **Interrogatory No. 2**

Interrogatory No. 2 generally seeks to identify each inmate at Tamms who has asked to change his designated religion. Defendant objects that the request is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of relevant evidence, and seeks information about other inmates that is protected by the clergyman's privilege.

For the reasons set forth relative to Interrogatory No. 1, all of defendant's objections are

overruled.

### Interrogatory No. 3

Interrogatory No. 3 is essentially the converse of of Interrogatory No. 1, in that it is aimed at identifying inmates at Tamms who were *approved* for a religious diet. Therefore, all of defendants objections are overruled. Insofar as defendant attempts to narrow the scope of discovery to only vegan diets, the Court reemphasizes that discovery encompasses *any* religious diet.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel defendant to respond to plaintiff's interrogatories **(Doc. 35)** is **GRANTED**. On or before **September 15, 2006**, defendant shall comply with plaintiff's interrogatories.

**IT IS SO ORDERED.**

DATED:  **August 25, 2006**

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE
