IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN NELSON,

    Plaintiff,

             v.

CARL MILLER,

    Defendant.

Civil Case No. 03-254-CJP

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Brian Nelson's motion for summary judgment on <u>all</u> claims. **(Doc. 55).**  Plaintiff asserts that there are no genuine disputes as to any material facts and he is entitled to judgment on all remaining claims as a matter of law.   Also before the Court is defendant Carl Miller's response in opposition to the subject motion.  **(Doc. 58).**  Defendant contends there are material question of fact which preclude summary judgment, and plaintiff's claims have no legal merit.

Plaintiff Nelson is an inmate in the custody of the Illinois Department of Corrections, incarcerated at Tamms Correctional Center.  His amended complaint alleges that defendant Carl Miller, the chaplain at Tamms, refused to allow him to receive a vegan diet that comported with the requirements of plaintiff's religion, even though other prisoners receive a vegan diet for religious reasons.  **(Doc. 33).**  Plaintiff asserts that defendant has violated the "free exercise" and "establishment"clauses of the First Amendment, the "equal protection" clause of the Fourteenth Amendment, the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1), and the Illinois Religious Freedom Restoration Act (775 ILCS 35/1, et seq.).  **(Doc. 33).**

The amended complaint describes plaintiff as a Roman Catholic who also follows the Rule of St. Benedict, which forbids eating "the flesh meat of any four[-]legged animal at any time." **(Doc.33, pp. 2-3).**  Plaintiff outlines an evolution of faith during the relevant time period, premised upon the practice of his childhood of not eating meat on Fridays and during Lent,

adding adherence to the Rule of St. Benedict regarding abstaining from eating the flesh of four-legged animals, and ending with a stricter construction of St. Benedict's Rule that bars the consumption of all meat.  **(Doc. 33, pp. 3-4).**  Plaintiff's Section 1983 and RLUIPA claims regarding being denied a meatless diet were dismissed by separate order, due to plaintiff's failure to exhaust administrative remedies.  **(Doc. 56).**

<u>**Standard of Review**</u>

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c).**  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue.  ***Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).**  The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case."  ***Id.* at 325.**  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  ***Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Cain v. Lane,* 857 F.2d 1139, 1142 (7th Cir. 1988).**

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact.  ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).**  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial.  ***Celotex,* 477 U.S. at 324.**  In other words, the non-moving party "must do more than simply show there is some metaphysical doubt as to the material facts."  ***Matsushita,* 475 U.S. at 586.**  Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]."  ***Holland v. Jefferson Nat. Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir. 1989).**  Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party.  ***Anderson v. Liberty Lobby,***

2

*Inc.,* 477 U.S. 242, 248 (1986); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir. 1995).

<u>Analysis</u>

Plaintiff's motion for summary judgment requires little analysis.  Plaintiff argues that he should be granted summary judgment, just as in *Agrawal v. Briley*, No. 02-C-6807, 2004 WL 1977581 (N.D.Ill. Aug. 25, 2004), an unreported, non-precedential district court ruling wherein U.S. District Judge Pallmeyer granted a prisoner-plaintiff summary judgment on a RLUIPA claim based on the denial of a nutritious diet free of meat and eggs that comported with Vaishnava Hindu religious requirements, when the plaintiff could not provide verification that such a diet was a religious requirement,   However, in that case, the Court found that there was "little if any disagreement concerning the core facts," and plaintiff Agrawal had "clearly and consistently stated what his religion permits and forbids," that there was no genuine dispute regarding the requirements of plaintiff's religion or plaintiff's religious sincerity even if the plaintiff's beliefs are purely personal,  *Id.* **at *1-4.**  The "undisputed facts" upon which plaintiff Nelson premises his motion are the subject of eight pages worth of dispute submitted by defendant.  **(Compare** **Doc. 55** *and* **Doc. 58).**  The fact that the parties could not agree to the bulk of the purportedly "undisputed" facts for purposes of the final pretrial order speaks volumes.

With respect to plaintiff's claim under the Free Exercise Clause of the First Amendment:

> The free exercise inquiry asks whether government has placed a substantial burden on the observation of a central religious belief or practice and, if so, whether a compelling governmental interest justifies the burden.  It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds.

*Hernandez v. C.I.R.* **490 U.S. 680, 699 (1989) (internal citations omitted).**  "[T]he guarantee of free exercise is not limited to beliefs which are shared by all of the members of a religious sect."  *Id.* **at 715-716.**  Nevertheless, the Court of Appeals for the Seventh Circuit has recognized that the sincerity of plaintiff's beliefs are also subject to scrutiny because prisoners have been known to adopt unusual religious practices solely to harass prison personnel.  *See Reed v. Faulkner,*

3

842 F.2d 960, 963 (7th Cir. 1988).

To establish a violation of the Establishment Clause of the First Amendment, plaintiffs must prove that: (1) the purpose of the state action is to aid or promote religion; (2) the primary effect of the action is to aid or promote religion; or (3) the result is excessive entanglement with religion. *Lemon v. Kurtzman*, 403 U.S. 602, 612-613 (1971).

The Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest. *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." **42 U.S.C. Section 2000cc-1(a).** The Illinois Religious Freedom Restoration Act (IRFRA), prescribes a similar test. *See* **775 ILCS 35/15.**

Whether the defendant imposed a substantial burden on plaintiff's religious beliefs is the central question. The religious belief in question is what food(s) cannot be eaten. As a preliminary matter, the Court notes that, despite plaintiff's assertion to the contrary, the nutritional value of the sum of food served is relevant. The amended complaint specifically alleges that plaintiff's damages stem from having to "eat around" unacceptable foods, having to go hungry, losing weight and having to purchase food in the commissary to make up for food he could not eat. **(Doc. 33, p. 5).**

In light of plaintiff's changing religious dietary requirements, plaintiff's beliefs cannot be presumed to be sincere, as in *Agrawal v. Briley*. By his own admission, plaintiff's religious beliefs varied at different times during the relevant time period, and the means by which he expressed his beliefs and requested a religious diet varied, as did defendant's understanding and

4

response.  Whether a substantial burden was imposed at any given time during this evolution of belief is impossible to pin down based merely on the documentary evidence in the record, particularly when plaintiff's own statements of his beliefs are not easily discerned.  Plaintiff's attempt to cobble together statements out of context ignores the confusion of beliefs and terminology that is the evidence when viewed as a whole.

An understanding of exactly what plaintiff believed and when he believed it is central to all of plaintiff's claims.  And, questions of fact created by the parties' affidavits regarding whether Muslims are treated differently and receive extra food on feast days also remain for the finder of fact– the jury.

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment **(Doc. 33)** is **DENIED**.  The Clerk of Court shall set this case for trial.

**IT IS SO ORDERED.**

**DATED: September 20, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

5