IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN NELSON,

    Plaintiff,

v.

CARL MILLER,

    Defendant.

No. 03-254-CJP

## ORDER

Before the Court is defendant Miller's motion in limine aimed at barring the testimony of designated expert witnesses Father Jerome Fortenberry, Father Domenic Roscioli, Father Xavier and Chaplain Haqq. **(Doc. 64).** Defendant asserts that plaintiff has failed to comply with Federal Rule of Civil Procedure 26(a)(2), by failing to provide written disclosures of the opinions of the aforementioned witnesses. Plaintiff counters that no written reports are required because the witnesses are not retained experts; rather, they are occurrence witnesses. **(Doc. 66).**

Federal Rule of Civil Procedure 26(a)(2) provides in pertinent part:

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--**if** the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

**Fed.R.Civ.P. 26(a)(2) (emphasis added in bold).**

There is no dispute that Father Jerome Fortenberry, Father Domenic Roscioli, Father

Xavier and Chaplain Haqq were timely identified, as they were listed as "expert witnesses" in the final pretrial order over a year ago. (*See* **Doc. 41, p. 4**). Therefore, Rule 26(a)(2)(A) has been satisfied.

The written report requirement in Rule 26(a)(2)(B) applies *only* to retained experts. According to plaintiff, none of the witnesses at issue are retained experts. Father Fortenberry, Father Roscioli and Father Xavier are all "fact" or "occurrence" witnesses, who are involved in the events at issue. These three witnesses are analogous to "treating physicians, from whom a written report is not required***. See Musser v. Gentiva Health Services*, 356 F.3d 751 756-757 (7th Cir. 2004).** Chaplain Haqq is the current Muslim chaplain at Tamms Correctional Center. Although the Court is unclear on precisely what Chaplain Haqq will be testifying to, it appears likely that he too would be properly characterized as a "fact" or "occurrence" witness. In any event, Chaplain Haqq is not a retained expert, so the report requirement is equally inapplicable.

**IT IS THEREFORE ORDERED** that defendant Miller's motion in limine **(Doc. 64)** is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 4, 2008

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**