IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN NELSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **03-254-CJP** |
| | ) |
| **CARL MILLER,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion to Reconsider. **(Doc. 101)**. Defendant filed a response at **Doc. 103.**

The Court has awarded plaintiff's counsel attorney's fees in the total amount $4,470.00. Pursuant to 42 U.S.C. §1997e(d)(2), the Court ordered plaintiff Brian Nelson to pay 25% of the amount of the judgment ($745.00) to his attorney. The balance of the fee ($3,725.00) is to be paid by defendant Carl Miller. Plaintiff asks the Court to reconsider the requirement that plaintiff pay 25% of the judgment to his attorney.

Plaintiff points out, correctly, that 42 U.S.C. §1997e(d)(2) provides that "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees against the defendant." He argues that 25% is the maximum, and not a mandatory amount. He candidly admits that the Seventh Circuit has not ruled directly on this point.

The Court agrees that the plain language of the statute appears to set 25% as a maximum, and not a mandatory, amount. However, plaintiff has not demonstrated that it is unjust or

inequitable to require him to pay 25% of the judgment to his attorney.

Plaintiff argues first that counsel's fee was already "drastically reduced" because of the requirements of the Prison Litigation Reform Act, but that fact has little to do with the issue presented here. Plaintiff also argues that, since he has been released from prison, he is just like any other litigant in that he has to pay money for living expenses.[1] He offers no specifics as to his financial situation, and the Court therefore cannot find that it would pose an undue hardship for plaintiff to pay 25% of the judgment to his attorney. Further, as he is no longer in prison, he is presumably able to work and earn money to pay his expenses.

Congress has mandated that litigants like plaintiff pay at least a part of their attorney's fees. The amount plaintiff has been ordered to pay represents only 16.67% of the total fee. Especially in view of the fact that plaintiff is no longer unable to earn a living due to incarceration, it is not unfair or inequitable to ask him to pay 25% of the judgment to his attorney.

Wherefore, Plaintiff's Motion to Reconsider **(Doc. 101)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: July 18, 2012.**

                              **s/ Clifford J. Proud**
                              **CLIFFORD J. PROUD**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[1] As plaintiff was a prison inmate at the time suit was filed, there is no doubt that §1997e applies to him. **See,** ***Dixon v. Page***, **291 F.3d 485 (7th Cir. 2002).**